JAS. T. GLEAVES *v.* DAVIDSON AND WILSON COUNTY TURNPIKE COMPANY.

CORPORATION, TURNPIKE. *Chancery jurisdiction to decree sale of road bed and privilege of collecting tolls, etc.* The Chancery Court has jurisdiction to subject the road bed, gates, toll houses, lands on which the houses are situated, and the privilege of charging and collecting tolls, to sale for the satisfaction of the debts of the Company.

FROM DAVIDSON.

Appeal from the Chancery Court. E. H. EAST, Chancellor.

Gleaves *v.* Davidson and Wilson Turnpike Co.

ED. BAXTER for complainant.

No brief for defendant.

NICHOLSON, C. J., delivered the opinion of the Court.

Complainant is a judgment, creditor of defendant, and files his bill in the Chancery Court at Nashville, and seeks to subject all the property, assets, road bed, toll gates, toll houses, and land upon which the same are situated, and the franchises of the Company, to the satisfaction of his debt, and of such other creditors of the Company as may come in and make themselves parties.

Defendant is a corporation, created in 1857–8, for the construction of a turnpike road, eighteen miles in length, situated in Davidson and Wilson counties. The Company is authorized to erect gates and receive specified tolls, and to purchase and hold real estate at each gate, and to have private property condemned for the right of way, etc. Besides these, the Company was to have the customary powers of corporations.

The road was built and gates erected, and tolls collected, etc. The property consisted of its road bed, its gates, toll houses, and land on which they were situated, and the privilege of collecting tolls at the several gates.

This property was attached under the bill, and placed in the hands of a Receiver, from whose report, as well as the admission of the defendant, the Company is insolvent.

The Chancellor gave complainant a judgment for the amount of his claim, and continued the Receiver for the purpose of paying the judgment out of the tolls, but refused to decree a sale of the property of the Company, upon the ground of want of jurisdiction.

From this decree complainant has appealed.

The only question for our determination is, whether the Chancery Court has jurisdiction to subject the road bed, gates, toll houses, lands on which the houses are situated, and the privilege of charging and collecting tolls, to sale for the satisfaction of the debts of the Company?

After a careful examination of the elaborate argument furnished by complainant's solicitor, we deem it unnecessary to do more than to state, that we are satisfied that the Chancery Court had jurisdiction to decree a sale of all the property, real and personal, of the Company, including the privilege of charging and collecting tolls.

As the Court is not asked to decree a sale of the franchise, or privilege of being and acting as a Turnpike Corporation, and of taking private property upon making compensation, we deem it unnecessary to express any opinion as to the power of the Chancery Court to decree such a sale.

The decree of the Chancellor will be reversed, to the extent herein indicated, and a decree rendered in accordance with this opinion.

The costs will be paid out of the proceeds of the sale.